# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND DONOVAN WILLIAMS, #13371-003,     Petitioner, | ) ) ) |
| vs. | ) CRIMINAL NO. 13-00213-KD-B-1 ) CIVIL NO.       15-00233-KD-B ) |
| UNITED STATES OF AMERICA,     Respondent. | ) ) ) |

## ORDER

This matter is before the Court on Petitioner's Federal Rule of Civil Procedure 59(e) motion to alter or amend the Court's January 30, 2017 Judgment denying his motion pursuant to 28 U.S.C. § 2255. (Doc. 114). Petitioner has also filed a Motion to Amend or Make Additional Factual and Legal Findings under Rule 52(b) (Doc. 115), a Motion to Take Judicial Notice Under Fed. R. Evid. 201 (Doc. 116), a Motion to Supplement and Add Evidence to Motion to Alter/Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and Request an Evidentiary Hearing (Doc. 122), Petitioner's Reply to Respondent's Response (Doc. 124), three motions for the Court to order defense counsel to turn over a copy of Defendant's legal file (Docs. 125, 126, and 131), and a Motion for Release (Doc. 127). For the reasons discussed herein, these motions are all **DENIED**, with the exception of Petitioner's Rule 52(b) motion, which is **GRANTED IN PART** as specified in footnote one.

    **I.**     **Petitioner's Rule 59(e) and 52(b) Motions (Doc. 114-115)**

At the same time he filed his Rule 59(e) motion, Petitioner also filed a notice of appeal, which generally divests a district court of jurisdiction to take any action in a case except in aid of the appeal. *United States v. Diveroli,* 729 F.3d 1339, 1341 (11th Cir. 2013). However, the filing of a timely Rule 59(e) motion renders a notice of appeal ineffective until the district court enters

1

an order dismissing the motion. *See* Fed. R. App. P. 4(a)(4)(B)(i); *Stansell v. Revolutionary Armed Forces of Columbia,* 771 F.3d 713, 745-46 (11th Cir. 2014). Thus, a district court retains jurisdiction to consider a timely Rule 59(e) motion despite a Petitioner's filing of a notice of appeal.

The Eleventh Circuit has summarized the limited scope of relief that is available to a litigant under Rule 59(e):

> "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

*Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59."); *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed."). "The extremely limited nature of the Rule 59(e) remedy cannot be overstated. To prevail on a motion to reconsider, '[t]he losing party must do more than show that a grant of the motion might have been warranted; he must demonstrate a justification for relief so compelling that the court was required to grant the motion.' *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (citations and internal marks omitted)." *Lee v. Thomas*, No. CIV.A. 10-0587-WS-M, 2012 WL 3137901, at *2 n.1 (S.D. Ala. Aug. 1, 2012)(Steele, J.).

In the § 2255 context, the Court must be wary of an unauthorized attempt at a second or successive § 2255 motion disguised as a Rule 59(e) motion. In *Williams v. Chatman*, the

2

Eleventh Circuit addressed the district court's jurisdiction to consider a Rule 60(b) motion in the habeas context. 510 F.3d 1290, 1293–94 (11th Cir. 2007). As explained in *Williams*:

> Federal courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger,* 377 F.3d 1173, 1179 (11th Cir.2004). As a threshold matter, therefore, we must initially determine both whether the district court had subject matter jurisdiction to consider Williams' Rule 60(b) motion and whether this Court has jurisdiction to review the district court's denial of his motion. We review *de novo* questions concerning jurisdiction. *Brooks v. Ashcroft,* 283 F.3d 1268, 1275 (11th Cir.2002).
>
> Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case. *See* Fed.R.Civ.P. 60. The Supreme Court explained in *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are "not inconsistent with applicable federal statutory provisions," *id.* at 529, 125 S.Ct. at 2646 (quoting 28 U.S.C. § 2254 Rule 11) (internal marks omitted), and the Antiterrorism and Effective Death Penalty Act does not explicitly limit the operation of Rule 60(b). *Id.* The Act does, nonetheless, foreclose application of that rule where it would be inconsistent with the restrictions imposed on successive petitions by the AEDPA. *Id.* at 529–30, 125 S.Ct. at 2646.
>
> The Supreme Court held in *Gonzalez* that a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim *on the merits*." *Id.* at 532, 125 S.Ct. at 2648. Where, however, a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas petition. *Id.* A "claim," as described by the Court in *Gonzalez,* is "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* at 530, 125 S.Ct. at 2647. The Supreme Court further explained in *Gonzalez* that:
>
>> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (b). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.
>
> *Id.* at 532 n. 4, 125 S.Ct. at 2648 n. 4 (citation omitted).

*Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007). Though *Williams* specifically addresses Rule 60(b) motions, the Southern District of Alabama has held that the "jurisdictional prohibition on Rule 60(b) motions in the habeas context applies with equal force to Rule 59(e) motions." *Aird v. United States,* 339 F.Supp.2d 1305, 1311 (S.D.Ala. 2004) (Steele, J.).

Upon consideration, the Court has determined that it lacks jurisdiction to consider Petitioner's Rule 59(e) motion with the exception of: 1) Petitioner's procedural bar claims and 2) Petitioner's *Clisby* error claims. This is because the procedural bar ruling was not a determination on the merits, as described in *Gonzalez v. Crosby,* 545 U.S. 524, 532 n.4 (2005), and because the alleged *Clisby* errors, if committed, would be a defect in the integrity of the federal habeas proceedings. *Williams,* 510 F.3d at 1293-94. *See also Madison v. Allen*, 2011 WL 1545103, at *1 (S.D. Ala. Apr. 25, 2011)(discussing Court's lack of jurisdiction over some portions of Rule 59(e) motion seeking amendment or alteration of an judgment on a § 2254 petition). The remainder of Petitioner's claims are simply an attempt at an unauthorized second or successive § 2255 petition as they attack the Court's resolution of the petition on the merits.

The Court has compared Petitioner's allegations (Doc. 114) with the Court's Order (Doc. 112) and makes the following additional findings pursuant to Rule 52(b).[1] The Court's Order denying Petitioner's § 2255 motion held that two of Petitioner's § 2255 claims were procedurally barred. (Doc. 112 at 5-8). In the "Procedural Bar" section of his Rule 59(e) motion, Petitioner challenges 1) the Eleventh Circuit's lack of consideration by certain statements, and 2) the alleged failure of this Court to address his claim that counsel was ineffective for failing to file a

---

[1] This rule states, "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). Petitioner's Rule 52(b) (Doc. 115) motion is therefore **GRANTED IN PART**, but the ruling is limited to the Court's additional findings detailed in this Order. The motion is **DENIED** to the extent it requests that the Court adopt the specific findings of fact and conclusions of law suggested by Petitioner.

4

motion to suppress. (Doc. 114 at 2-3). This Court does not have the authority to review the Eleventh Circuit's determinations. Thus, it declines to alter or amend its judgment as to this issue. As to Petitioner's argument that the Court mischaracterized his claim, as he recognizes, the Court specifically determined that any effort at a motion to suppress would have been futile. He disagrees that the filing of the motion would have been futile. His disagreement with the Court's determination is not grounds for alternation or amendment of the judgment, thus the Court declines to do so on this issue.

Beginning on page 28 of Doc. 114, in the section labeled "Failure to Resolve All of Petitioner's Claims," Petitioner argues that the Court made a number of *Clisby* errors. *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992). Recently, in *Peterson v. Secretary of the Department of Corrections*, the Eleventh Circuit summarized its holding in *Clisby v. Jones* as follows:

> In *Clisby*, the district court dismissed thirteen of the petitioner's claims, granted habeas relief on one claim, and reserved judgment on the remaining five claims. *Id.* at 935. In response, we expressed concern over the "growing number of cases in which [we were] forced to remand for consideration of issues the district court chose not to resolve." *Id.* at 935–36. We acknowledged the disruptive effect that such "piecemeal litigation" had on a state's criminal justice system. *Id.* at 935. Accordingly, in an effort to streamline habeas procedure, we exercised our supervisory authority and instructed district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to § 2254, "regardless of whether habeas relief is granted or denied." *Id.* at 936. We have defined a "claim for relief" as "any allegation of a constitutional violation." *Id.*

2017 WL 191919, at *1 (11th Cir. Jan. 18, 2017). The Court has reviewed Petitioner's *Clisby* claims, as well as its Order denying Petitioner's § 2255 petition. Petitioner contends that the Court failed to address the following:

> 1) that trial counsel was ineffective for failing to file a motion to suppress (Doc. 114 at 29)
> 2) that trial counsel was ineffective for not objecting to the exhibits or their completeness or accuracy (Doc. 114 at 29)
> 3) statements made by the undersigned at trial (Doc. 114 at 30)
> 4) "perjurious" statements made by Agents Cassidy, McClain, and Greene

5

(Doc. 114 at 30)
5) issues with taped conversations (Doc. 114 at 30)
6) cooperating witness' ("CW") proffer statement (Doc. 114 at 30)
7) trial counsel's failure to have a trial strategy (Doc. 114 at 30)
8) the undersigned's inappropriate comments at trial and sentencing (Doc. 114 at 30-31)
9) the Assistant United States Attorney's "lies" (Doc. 114 at 30-31)
10) bolstered testimony(Doc. 114 at 30-31)
11) the cumulative error doctrine (Doc. 114 at 31)
12) *Bruton* violations (Doc. 114 at 31)

Issues 1 and 2 were addressed by the Court at Doc. 112 at 8-10.

The Court consolidates issues 3 and 8, as it is unclear what Petitioner is referencing in issue 3. It appears the Court failed to specifically address the alleged inappropriate comments it made during Agent McLain's testimony regarding the weight of cocaine found at the Petitioner's residence. (Doc. 87 at 130). The Court has again reviewed the trial transcript. Testimony regarding uncharged conduct was permitted pursuant to Fed. R. Evid. R. 404(b) for the purpose of showing intent. Officer McLain testified that pursuant to a state search warrant, officers found cocaine at Petitioner's residence. (Doc. 87 at 128-130). Near the end of the officer's testimony, the Court asked whether he stated the amount of cocaine found at the residence and the officer responded that it was "about a gram or maybe two grams at the most." (Id. at 130). A reference to the amounts of cocaine found during the search of the residence, especially in light of the answer revealing a very small quantity, was in no way prejudicial to Petitioner.

In his motion to reconsider, Petitioner quotes the Court as saying "But, based on the information that I have received from these calls, I don't find by a preponderance of the evidence that they've established that he (Edmond Burke – the Prichard Police Officer) was a co-defendant." (Doc. 114 at 6). Petitioner assigns an incorrect meaning to this statement. For purposes of clarification, the Court notes that these comments, made at sentencing, relate to the

inapplicability of a gun enhancement and are unrelated to any arguments related to the sufficiency of the evidence of a conspiracy.

Issue 4, "perjurious" statements, was addressed at Doc. 112 at 13-14, 30-31. The Court discussed and dismissed allegations related to the officers' perjury.

Issue 5, pertaining to the taped conversations, was addressed at Doc. 112 at 33.

In issue 6, Petitioner claims that the Court failed to address proffer statements made by the cooperating witness "that were used to induce petitioner and entrap him into these charges." The Court determined that "An affirmative defense of entrapment would have been futile based upon the evidence in this case, as Williams cannot show that even the basic elements of the defense could be met." (Doc. 112 at 22). The cooperating witness was discussed extensively. Though there is only one mention of the word "proffer" in the Court's order, this issue was implicitly addressed by the Court's finding that an entrapment defense was not viable.

Issue 7, counsel's alleged failure to have a trial strategy was addressed at Doc. 112 at 39-40.

Issues 9 and 10, the Assistant United States Attorney's "lies" and the potential bolstering of testimony were addressed at Doc. 112 at 40-43.

Issue 11, cumulative error, was also addressed at Doc. 112 at 40.

Finally, the Court has not found in the record where Petitioner alleged a *Bruton* violation (Issue 12). In any event, in *Bruton,* the Supreme Court held that the admission of a confession or statement by a non-testifying defendant which inculpates a co-defendant violates the co-defendant's Sixth Amendment right to confront a witness. *Bruton v. United States*, 391 U.S. 123 (1968). The Eleventh Circuit has read *Bruton* to exclude statements by a non-testifying co-defendant which directly inculpate a co-defendant. *United States v. Beale*, 921 F. 2d 1412, 1425

(11th Cir. 1991)(citing *United States v. Satterfield,* 743 F.2d 827, 849 (11th Cir.1984)). While there was a cooperating witness, Petitioner was tried alone. There was not a joint trial.

Under Eleventh Circuit precedent, "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raise prior to the entry of judgment. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)(internal quotations, citations, and alterations omitted). Upon consideration, Petitioner's Rule 59(e) motion is based on his disagreement with the outcome of his motion pursuant to § 2255. He has not put forward newly discovered evidence or manifest errors of law or fact. Thus, his motion (Doc. 114) is **DENIED**.

## II. Motion to Take Judicial Notice Under Fed. R. Evid. 201 (Doc. 116).

Petitioner moves the Court to take judicial notice of a number of "facts that are not in dispute." (Doc. 116 at 2). The Eleventh Circuit has explained:

> [W]e point out that the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court. Courts can take notice of certain facts without formal proof but only where the fact in question is "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). For example, the kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958.

*Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). With this guidance, the Court finds the broad exercise of judicial notice inappropriate for the types of findings Petitioner seeks. Accordingly, the motion to take judicial notice (Doc. 116) is **DENIED**.

### III. Motion to Supplement and Add Evidence to Motion to Alter/Amend Judgment Pursuant to Fed. R. Civ. P. 59 and to Request an Evidentiary Hearing (Doc. 122)

Petitioner's Motion to Supplement/Add Evidence (Doc. 122) includes what he views as additional evidence of Agent McLain's alleged perjury. Namely, portions of a transcript from a state court case in which McLain testified that Sergeant Thornton rather than Deputy Arendall was the law enforcement officer who found the cocaine during the search of Petitioner's residence. (Doc. 122 at 2). The evidence related to the cocaine found in the residence was before the jury for the purpose of establishing intent. The Eleventh Circuit has already determined that even if the Fed. R. Evid. R. 404(b) evidence was admitted in error, any error was harmless as there was sufficient evidence of Petitioner's guilt without the evidence of the prior cocaine possession. (Doc. 90 at 6-7). Accordingly, this motion and the request for a hearing[2] (Doc. 122) is **DENIED**.

### IV. Petitioner's Motions for Defense Counsel to Turn Over Legal Files (Docs. 125, 126, and 131)

Petitioner moves the Court to order his former defense counsel, Frederick Helmsing, Jr., to produce his legal files to the Petitioner. (Docs. 125-126). The Court previously reached out to Mr. Helmsing, who reported that he was is willing to send all materials in his possession, which are related to his representation of Petitioner, to Petitioner. In the Court's now vacated Order (Doc. 129), the Court explained that Counsel was to send these materials to Petitioner on or before **June 16, 2017**. In light of counsel's willingness to provide Petitioner with those materials

---

[2] "A § 2254 petitioner is not entitled to an evidentiary hearing if he fails to 'proffer evidence that, if true, would entitle him to relief.'" *Hamilton v. Sec'y, Florida Dep't of Corr.*, 793 F.3d 1261, 1266 (11th Cir. 2015), *cert. denied sub nom. Hamilton v. Jones,* 136 S. Ct. 1661 (2016)*, reh'g denied*, 137 S. Ct. 287 (2016)(citing *Pope v. Sec'y for Dep't of Corr.,* 680 F.3d 1271, 1291 (11th Cir. 2012) (alteration omitted) (quotation marks omitted)).

in his possession, the Court declines to compel counsel to do so. Accordingly, Petitioner's motions related to his legal files (Docs. 125-126) are **DENIED**.

In a third motion pertaining to obtaining a copy of his legal file, Petitioner states that he received two discs containing materials relating to this case. (Doc. 131). However, according to Petitioner, counsel has failed to turn over additional items that Petitioner has requested. As counsel agreed to turn over "all materials in his possession, which are related to his representation of Petitioner, to Petitioner," (Doc. 129) the Court trusts Mr. Helmsing, an officer of the Court, has done so. Thus, the motion is **DENIED**. However, if counsel has inadvertently failed to provide Petitioner with the requested materials, to the extent counsel has these materials available, he shall provide them to Petitioner on or before **September 5, 2017.**[3]

### V. Petitioner's Motion for Release from Custody (Doc. 127)

Petitioner moves for release pursuant to 18 U.S.C. § 3143(b), which provides for "release or detention pending appeal by the defendant," if the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C.A. § 3143(b). Because the Court finds that these requirements have not been satisfied, Petitioner's motion (Doc. 127) is **DENIED**.

---

[3] The Clerk is directed to e-mail a copy of this Order to Mr. Helmsing.

## VI. Certificate of Appealability

"A [certificate of appealability] is required to appeal the denial of a Rule 59(e) motion." *West v. United States*, 579 F. App'x 863, 865 (11th Cir. 2014)(citing *Perez v. Sec'y, Fla. Dep't of Corr.,* 711 F.3d 1263, 1264 (11th Cir.2013)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." It must be shown that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Eagle v. Linahan,* 279 F.3d 926, 935 (11th Cir. 2001). As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**. Further, with regard to the portions of Petitioner's motion over which the Court lacks jurisdiction, it also lacks jurisdiction over whether to grant a Certificate of Appealability as to these claims.

## VII. Conclusion

For the reasons discussed herein, the following motions found at Docs. 114, 116, 122, 125, 126, 127, and 131 are **DENIED**. Petitioner's Rule 52(b) motion is **GRANTED IN PART** as specified in footnote one.

**DONE** and **ORDERED** this **22nd** day of **August 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**